IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES S. POPE,

        Petitioner,

v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPEVISION,

        Respondent.

Case No. 6:15-cv-01653-AC

ORDER

BROWN, Judge.

    Petitioner, a former inmate of the Oregon Department of Corrections, ("ODOC") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Respondent's Motion to Dismiss (Mootness) (ECF No. 46). For the reasons that follow, Respondent's Motion is GRANTED.

    Petitioner filed his Petition for Writ of Habeas Corpus challenging a January 2014 decision of the Oregon Board of Parole and Post-Prison Supervision (the "Board") deferring Petitioner's

1 - ORDER -

Case 6:15-cv-01653-AC   Document 47   Filed 01/25/17   Page 2 of 3

parole release date for 24 months. On December 15, 2016, the Board released Petitioner from ODOC's physical custody to active post-prison supervision in the community.

On January 5, 2017, Respondent filed a motion to dismiss the Petition for Writ of Habeas Corpus on the basis that Petitioner's release from custody rendered his request for relief moot. In the motion, counsel certified that, based on recent telephone conversations with the *pro se* Petitioner, counsel did not believe Petitioner opposed the Motion. The time for filing a response to Respondent's Motion has elapsed, and the Court notes Petitioner did not do so.

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). Whether a case fails to meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must

2 - ORDER -

pronounce final judgment." *Liner v. Jafco*, 375 U.S. 301, 304 (1964) (citing *Love v. Griffith*, 266 U.S. 32 (1924)).

Assuming the "in custody" requirements of 28 U.S.C. § 2254 were met at the time of filing of a petition for writ of habeas corpus, a parolee's challenge to the legality of the underlying conviction always satisfies the case or controversy requirement. *Id.* This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him." *Carafas v. LaValle*, 391 U.S. 234, 237 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)). However, a petition challenging a parole board decision to delay release on parole is rendered moot by the petitioner's subsequent release. *Burnett v. Lampert*, 432 F.3d 996, 1001 (9th Cir. 2005).

## CONCLUSION

For these reasons, the Court GRANTS Respondent's Motion to Dismiss (Mootness) (ECF No. 46) and DISMISSES this action.

IT IS SO ORDERED.

DATED this 25th day of January, 2017.

_____
ANNA J. BROWN
United States District Judge

3 - ORDER -